*NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTOPHER BARRETT, | : | |
| | : | Civil Action No. 15-595 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ESSEX COUNTY CORRECTIONAL | : | |
| FACILITY, et al., | : | |
| | : | |
| Defendants. | : | April 16, 2015 |
| | : | |

**WIGENTON**, District Judge:

Plaintiff, Christopher Barrett, filed a complaint against Defendants, Essex County Correctional Facility, Warden Hendricks, Director Ortiz, ICE Director Perillo, Lieutenant Whol, Sergeant Crawford, Sergeant Blimford, Officer Rice, Officer Amzikia, and Officer Lopez, on January 26, 2015.  (ECF No. 1).  On March 4, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 3).  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  Also before the Court is Plaintiff's application for pro bono counsel (Attachment 3 to ECF No. 1).  For the reasons set out below, this Court allows Plaintiff's excessive force claims to proceed against Defendants Whol, Crawford, Blimford, Rice, and Lopez; but dismisses Plaintiff's remaining claims without prejudice.  The Court will also dismiss Defendant Essex County Correctional Facility with

prejudice and Defendants Hendricks, Ortiz, Perillo, and Amzikia without prejudice.   Finally, Plaintiff's application for pro bono counsel is denied.

## I.  BACKGROUND

The following facts are drawn from the allegations contained in Plaintiff's complaint. (ECF No. 1).   Plaintiff, at the time of the events which give rise to his complaint, was an immigration detainee housed in the Essex County Correctional Facility.   (ECF No. 1 at 2). Plaintiff alleges that he was "illegally removed" from Immigrations and Custom Enforcement (ICE) custody on August 1, 2014, and placed into the Essex County Correctional Facility.   (*Id.* at 4).

Plaintiff claims that he was assaulted by officers of the facility on several occasions.   The first such assault occurred on August 2, 2014.   On that date, Defendants Whol, Blimford, and Rice "assaulted and injured [Plaintiff] by kneeing [him] in [his] back" after observing that he was wearing a back brace.   (*Id.*).   Plaintiff claims that he was subject to a second assault on September 8, 2014.   On that day, after asking a nurse for some food to accompany his medication "as directed by the doctor" and having his request turned down, Plaintiff attempted to explain his need to Sergeant Crawford.   (*Id.*).   Plaintiff states that Crawford then "became arrogant and said . . . 'I don't negotiate with your kind.'"   (*Id.*).   Plaintiff asserts that Sergeant Crawford then grabbed his hand twisted it back violently, and pushed Plaintiff into his cell.   (*Id.*).   The final incident about which Plaintiff complains occurred on September 22, 2014, after Plaintiff "was brought back as an [ICE] detainee."   (*Id.*).   While Plaintiff was passing through intake, he saw Officer Lopez reading his personal mail and making comments about what had occurred on September 8.   (*Id.*).

The officer then grabbed Plaintiff and pushed him to the ground before "violently" kneeling down on Plaintiff's head, neck, and back.   (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

District courts must review complaints in those civil actions in which a litigant is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B).   The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   As Plaintiff brings his claims *in forma pauperis*, his complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*,

---

[1]      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

764 F.3d 303, 308 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se*

pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

complaints to support a claim."   *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

2013) (citation omitted) (emphasis added).

## B.   Analysis

Plaintiff asserts that, based on the alleged facts recounted above, Defendants violated his

First, Fifth, Eight, and Fourteenth Amendment Rights and are thus liable to him under 42 U.S.C.

§ 1983.[2]   42 U.S.C. § 1983 provides "private citizens with a means to redress violations of federal

law committed by state individuals."   *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d

Cir. 2013).   To assert a claim under the statute, a plaintiff must show that he was a deprived of a

federal constitutional or statutory right by a state actor.   *Id.*   When evaluating the merits of a §

1983 claim, the Court must identify the contours of the underling right Plaintiff claims was violated

and determine whether Plaintiff has properly alleged the violation of such a right at all.   *Nicini v.*

*Morra*, 212 F.3d 798, 806 (3d Cir. 2000).   Based on the facts presented and the allegations

contained in Plaintiff's complaint, this Court construes Plaintiff's complaint as asserting claims

---

[2] Plaintiff's claim against ICE Director Perillo, however, would be more properly characterized
as a *Bivens* claim, as the ICE Director is presumably an official acting on behalf of Immigrations
and Customs Enforcement, part of the Department of Homeland Security, a point Plaintiff's
complaint does not clarify.   *See Bivens v. Six Unknown Named Agents of the Federal Bureau of*
*Narcotics*, 403 U.S. 388 (1971); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)
("A *Bivens* action . . . is the federal equivalent of the § 1983 cause of action against state actors,
[it] will lie where the defendant has violated the plaintiff's rights under color of federal law").
As the bounds of a *Bivens* claim are usually coterminous with a § 1983 claim, the same legal
principles apply.   *See Brown,* 250 F.3d at 800; *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.
1975).

4

for excessive force against Defendants Whol, Blimford, Rice, Crawford, and Lopez.   Although Plaintiff's complaint also appears to attempt to assert claims for false imprisonment and deliberate indifference to his medical needs, Plaintiff has insufficiently pled those claims.

### 1.   Plaintiff's Claim against the Essex County Correctional Facility

Plaintiff's first named Defendant is the Essex County Correctional Facility.   Claims for relief under 42 U.S.C. § 1983 can only be brought against "persons."   A county jail, such as the Essex County facility, is not a person subject to suit under § 1983.   *Kitchen v. Essex Cnty. Corr. Facility*, No. 12-2199, 2012 WL 1994505, at *3 (D.N.J. May 31, 2012); *Ingram v. Atl. Cnty. Justice Facility*, No. 10-1375, 2011 WL 65915, at *3 (D.N.J. Jan. 7, 2011); *see also Marsden v. Federal B.O.P.*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Cntr.*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).   The correct entity subject to suit under § 1983 would be the county.   See *Kitchen*, 2012 WL 1994505; *Vance v. Cnty. Of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (the county "Department of Corrections is an agency of the County . . . [t]he County is a proper defendant in a § 1983 claim, an agency of the County is not").   As such, Plaintiff's claims against the Correctional Facility must be dismissed with prejudice.

### 2.   Plaintiff's non-excessive force claims and claims against Defendants Hendricks, Ortiz, Perillo, and Amzikia

In addition to the county jail, Plaintiff names among his defendants Warden Hendricks, Director Ortiz, ICE Director Perillo, and an officer named Amzikia.   Plaintiff, however, provides

no factual allegations against these four defendants.  Government officials may not be held vicariously liable for the actions of their subordinates under a *respondeat superior* theory of liability in a §1983 action.  *Iqbal*, 556 U.S. at 675-76.  Municipalities and other municipal defendants likewise cannot be held vicariously liable under § 1983.  *Id.* at 676; *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  Because *Bivens* and § 1983 claims do not permit recovery for vicarious liability, for a plaintiff to sustain such a claim he must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Federal Rule of Civil Procedure 8(a)(2) likewise requires that plaintiffs set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  While this standard does not require detailed factual allegations, it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  At the very least, the complaint must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 545 (internal citation omitted).

Plaintiff has pled no facts which would support his naming of Hendricks, Ortiz, Perillo, and Amzikia as Defendants.  He has submitted no allegations that any of these individuals "through [their] own individual actions" violated his federal rights.  He provides nothing more as to these Defendants than a blanket assertion that "[a]ll Defendants named in the claims participated and/or denied my constitutional right."  (ECF No. 1 at 3).  Plaintiff has provided no more than an unadorned assertion of wrongdoing which is insufficient to meet the pleading standards of Rule 8.  *Iqbal*, 556 U.S. at 678.  As Plaintiff's complaint has not provided these four defendants with the base notice of the claims against them and the facts which gave rise thereto, Plaintiff's claims

against Defendants Hendricks, Ortiz, Perillo, and Amzikia must be dismissed without prejudice. To the extent that one could liberally read Plaintiff's complaint to imply that these named Defendants are being sued under a theory of vicarious liability for the excessive force used by the jail corrections officers, these Defendants must also be dismissed as such a theory is impermissible under § 1983 or *Bivens*.   *Id.* at 675-76.

These same considerations also require this Court to dismiss without prejudice Plaintiff's non-excessive force claims.   In addition to his excessive force claims, Plaintiff provides the following allegations:   that Defendants knowingly "kidnapped and falsely detained" him under false pretenses by placing him into the Essex County Jail,[3] that Defendants were deliberately indifferent to his medical needs which led to injuries when Plaintiff fell from a top bunk after a seizure,[4] and that Defendants violated administrative rules and regulations in placing Plaintiff in a regular unit rather than in protected custody.[5]   As to all of these claims, Plaintiff's complaint

---

[3] As Plaintiff was an immigration detainee in the custody of ICE, and the jail is an ICE contractor who provides detainment facilities for numerous individuals awaiting immigration hearings or deportment, this claim appears to misconstrue the reason why Plaintiff was in the Essex facility.   Although the facts presented are less than clear, it would appear that Plaintiff was legally detained by ICE, and his place of detention, while remaining in ICE custody, was the Essex County Correctional Facility.   As such, Plaintiff was never kidnapped, and, assuming that ICE had a statutory basis for detaining Plaintiff, Plaintiff would be unable to bring a claim for false imprisonment.

[4] Defendant pleads in his complaint, however, that Defendants' actions were negligent, which is patently insufficient to plead deliberate indifference.   *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Wright v. Warden, Forest SCI*, 582 F. App'x 136, 138 (3d Cir. 2014) (negligence not actionable under § 1983); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (claims of negligence insufficient to show deliberate indifference).

[5] To the extent that this claim only alleges a correctional facility or state regulatory violation, rather than a Due Process violation, this claim would not be actionable under § 1983, which provides relief only for violations of Constitutional or federal statutory rights.   *See Woodyard*, 514 F. App'x at 180.   As it is not clear based on the pleadings whether Plaintiff intended to raise

fails to name which Defendants, if any, are responsible for the actions about which Plaintiff complains.   Plaintiff has explained neither who committed these alleged acts nor what these acts entailed save for some vague, unclear assertions.   Plaintiff's non-excessive force claims have therefore not been pled with sufficient factual support so as to either meet the standards of Rule 8 or present a facially plausible claim, and thus must be dismissed without prejudice at this time. *Iqbal*, 556 U.S. at 575-78.

### 3.   Excessive Force

Plaintiff alleges on several instances that he was beaten or otherwise subject to excessive use of force by a number of corrections officers at the Essex County Correctional Facility.   As immigration detainees are not truly prisoners, they are accorded the same constitutional protections as a pretrial detainee.   *See, e.g., Adekoya v. Chertoff*, 431 F. App'x 85, 88 (3d Cir. 2011); *Mohammed v. Aviles*, No. 06-4794, 2007 WL 923506, at *5-6 (D.N.J. Mar. 26, 2007).   Excessive force claims brought by pre-trial detainees are evaluated under a Fourteenth Amendment Due Process standard.   *Jackson v. Phelps*, 575 F. App'x 79, 82-84 (3d Cir. 2014).   Under this standard, a detainee may not be the subject of force sufficient to amount to punishment.   *Id.* "Whether force constitutes 'punishment' depends on whether it is 'rationally related to a legitimate nonpunitive governmental purpose' and whether it 'appears excessive in relation to that purpose.'" *Id.* (quoting *Bell*, 441 U.S. at 561).   "'Absent proof of intent to punish . . . this determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be

---

a claim that his Due Process rights were violated by the assignment, this claim will not be dismissed with prejudice at this time.

connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."   *Id.* (quoting *Block v. Rutherford*, 468 U.S. 576, 584 (1984)).

Plaintiff has pled three instances of excessive force.   First, Plaintiff alleges that Defendants Whol, Blimford, and Rice "assaulted and injured" him by "kneeing him in [the] back," on August 2, 2014.   (ECF No. 1 at 4).   Plaintiff has also alleged that on September 8, 2014, Defendant Crawford twisted his hand and shoved him into his cell.   (Id.)   Finally, Plaintiff alleges that on September 22, 2014, he was pushed to the ground by Defendant Lopez who then "knee[ed]" Plaintiff in the head and back.   (Id.)   Plaintiff alleges that these instances of force were either unprovoked, or resulted from innocent behavior on his part, such as requesting food to accompany medicine as ordered by a doctor.   As such, Plaintiff has pled that he was the subject of force, which was not rationally related to a legitimate nonpunitive purpose (in so much as he alleges there was no purpose to the force), and that such force was clearly excessive in any event.   As such, Plaintiff has pled a facially plausible claim for excessive force which must be permitted to proceed against Defendants Whol, Blimford, Rice, Crawford, and Lopez.   *Fowler*, 578 F.3d at 210; *Jackson*, 575 F. App'x at 82-84.


### 4.   Plaintiff's Application for Pro Bono Counsel

Plaintiff has also submitted an application for the appointment of pro bono counsel.   Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent any person unable to afford counsel.   The courts have broad discretion to decide when a request for counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   In exercising that discretion, the court first must assess whether the claim by

the plaintiff has merit, and if so, the court must weigh several factors including: the litigant's ability to present his own case, the difficulty of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such investigation as is necessary, the litigant's ability to retain counsel on his own behalf, the extent to which the case will turn on credibility determinations, and whether the case will require expert testimony. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). These factors are not exhaustive, and the Court is free to consider any other facts or factors it deems important to its determination.  *Montgomery*, 294 F.3d at 499.

Plaintiff requests the appointment of counsel as he is not familiar with the rules of procedure in matters such as these, believes that he will be unable to adequately pursue a factual investigation, suffers from a seizure disorder, and cannot obtain an attorney as he has no economic means by which to pay a private attorney.   As explained above, Plaintiff's excessive force claims are sufficiently pled to survive screening, and thus have at least some arguable merit.   Turning to the *Tabron* factors, while this Court recognizes that Plaintiff's financial situation merited *in forma pauperis* status and that Plaintiff cannot obtain a private attorney, this Court does not find that appointment of pro bono counsel is warranted at this time.   Plaintiff has pled several rather straightforward claims of excessive force.   It is unlikely that significant factual investigation will be necessary as Defendants will likely provide all records kept by the jail in relation to these incidents.   Likewise, it is unlikely that these claims will require any expert testimony.   Although credibility issues will likely play a part in the evaluation of Plaintiff's claim, Plaintiff can sufficiently argue and pursue his claims.   Taking all of the *Tabron* factors into account, this Court finds that that appointment of pro bono counsel is not warranted at this time.  *Tabron*, 6 F.3d at

10

155-57.   Plaintiff's request will therefore be denied.


## III. CONCLUSION

For the reasons stated above, Plaintiff's excessive force claims against Defendants Whol, Blimford, Rice, Crawford, and Lopez shall be permitted beyond screening; Plaintiff's remaining claims shall be dismissed without prejudice; Defendant Essex County Correctional Facility is dismissed with prejudice; Defendants Hendricks, Ortiz, Perillo, and Amzikia are dismissed without prejudice; and Plaintiff's request for pro bono counsel is denied.   Plaintiff may file an amended complaint within thirty (30) days.   Should Plaintiff choose to file an amended complaint, that complaint should be complete and contain all claims Plaintiff wishes to raise, including his excessive force claims.   An appropriate order follows.


<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
Cc:     Parties
        Magistrate Judge Steven Mannion